# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WOLFGANG KRUTZLER and
VIRGINIA ALANE ROGERS,

        Plaintiffs,        Case No. _____

vs.

MCLAREN AUTOMOTIVE, INC.,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

1.    Defendant McLaren Automotive, Inc. ("MAI") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof, states:

### I.   INTRODUCTION

2.    This case is removable because all proper parties to this litigation are citizens of different states and the matter in controversy exceeds $75,000.00.

3.    This case is also removable because the Court has original jurisdiction pursuant to 15 U.S.C. §§ 2310(d)(1) and 2310(d)(3) because the State Court Lawsuit alleges a breach of warranty action under the federal Magnuson Moss Warranty Act and the matter in controversy is at least $50,000.00.

### II.   COMMENCEMENT AND SERVICE

4.    The underlying lawsuit was commenced on May 16, 2019, when Plaintiffs filed their Complaint in the Sarasota County Circuit Court, Florida, Case No. 2019CA002677NC, styled

*Wolfgang Krutzler and Virginia Alane Rogers v. McLaren Automotive, Inc.* (the "State Court Lawsuit").[1] MAI first received the Complaint on June 4, 2019.[2]

5. This Notice of Removal is filed within thirty days of MAI's receipt of the Complaint. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III. GROUNDS FOR REMOVAL

6. MAI is entitled to remove the State Court Lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the State Court Lawsuit is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

7. McLaren is also entitled to remove the State Court Lawsuit to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 because the Court has original jurisdiction pursuant to 15 U.S.C. §§ 2310(d)(1) and 2310(d)(3) because the State Court Lawsuit alleges a breach of warranty action under the federal Magnuson-Moss Warranty Act and the matter in controversy is at least $50,000.00.

### IV. DIVERSITY OF CITIZENSHIP

8. This is an action with complete diversity of citizenship between Plaintiffs and the Defendant.

9. Plaintiffs are individuals and citizens of the State of Florida.

---

[1] *See* Exhibit A-1, State Court Record, including Plaintiffs' Original Complaint.

[2] Exhibit A-2.

10. Defendant is incorporated under the laws of the State of Delaware and its principal place of business is located at 750 Third Avenue, Suite 2400, New York, NY 10017. Accordingly, Defendant is a citizen of Delaware and New York for purposes of diversity of citizenship. *See* 28 U.S.C. § 1332(c)(1).

11. No change of citizenship has occurred since commencement of the State Court Lawsuit. Accordingly, diversity of citizenship exists among the proper parties.

### V. FEDERAL QUESTION

12. Removal is proper over any action that could have originally been filed in federal court. *See* 28 U.S.C. § 1441.

13. Federal subject-matter jurisdiction exists when a claim arises under federal law. *See* 28 U.S.C. § 1331 ("district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

14. Plaintiffs' Complaint consists of only one claim for relief, a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et. seq.

15. 15 U.S.C. § 2310 provides an independent basis for removal jurisdiction.

16. Specifically, 15 U.S.C. § 2310(d)(1)(B) states that a consumer who is damaged by a violation of the Magnuson-Moss Warranty Act, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States.

17. 15 U.S.C. § 2310(d)(1)(B) states that a suit brought under § 2310(d)(1)(B) must contain an amount in controversy of at least $50,000.

## VI. AMOUNT IN CONTROVERSY

18. Defendant would show that the minimum jurisdictional limits of this Court have also been met because the amount in controversy exceeds $75,000. In the present case, Plaintiffs' Complaint does not demand a specific amount of monetary damages. *See generally* Compl. Instead, it merely demands damages for the "diminution in value of the vehicle, and incurred and/or needed costs of repair" and "all incidental and consequential damages incurred." *Id* at ¶ 35.

19. When damages are not specified in a state court complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional amount." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) [quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)]. "The moving party may provide additional evidence, such as business records and affidavits, to satisfy this burden." *Pate v. State Farm Mut. Auto. Ins. Co.,* 2010 WL 3372195, at *1 (N.D. Fla. Aug. 25, 2010) [citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)].

20. "A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. 16. A "district court may rely on its 'judicial experience and common sense' to determine whether a claim satisfies the amount-in-controversy requirement." *Pate*, 2010 WL 3372195, at *1 [citing *Roe v. Michelin North American, Inc.*, 2010 WL 3033802, at *13 (11th Cir. 2010)].

21. As evidence of this claim exceeding this Court's jurisdictional limitation of $75,000, Plaintiffs purchased a new 2017 McLaren 570s for approximately $209,430.00, excluding all collateral charges such as registration charges, document fees, sales tax, bank charges, finance

charges, and accessories.³  Additionally, on or about April 29, 2019, Plaintiffs sent a correspondence to Defendant demanding the repurchase of the 2017 McLaren 570s.

22. Further, the Plaintiffs have demanded attorney's fees and costs based upon statutory authorization under the Magnuson-Moss Warranty Act claim. These costs could very well be in excess of this Court's jurisdictional minimum and should be considered in determining whether the amount in controversy is satisfied. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (holding that when a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy"); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979).

23. Based on the foregoing, this Court should find the amount in controversy is satisfied because it exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1).

24. Alternatively, this Court should find that it has original jurisdiction pursuant to 15 U.S.C. §§ 2310(d)(1) and 2310(d)(3) because the State Court Lawsuit is a breach of warranty action involving an amount in controversy of at least $50,000.00.

### VI. VENUE

25. Venue lies in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiffs filed the State Court Lawsuit in this judicial district and division.

---

³ See Exhibit A-3.

## VII.  NOTICE AND CONSENT TO REMOVAL

26. McLaren will file with the clerk of the state court, and will serve upon Plaintiffs' counsel, a notice of the filing of this Notice of Removal.

27. No Consent to Removal is necessary as McLaren is the only named defendant in this lawsuit.

## VIII.  STATE COURT PLEADINGS

28. Copies of all state court pleadings and orders are attached to this Notice of Removal.

## IX.  EXHIBITS TO NOTICE OF REMOVAL

29. The following documents are attached to this Notice as corresponding numbered exhibits in compliance with Local Rule 4.02(b):

A. Exhibit A-1 - Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings, including Plaintiffs' Original Complaint filed June 4, 2019, with accompanying exhibits;

B. Exhibit A-2 - Service of Process Confirmation for service on Defendant McLaren Automotive, Inc.;

C. Exhibit A-3 - Copy of Purchase Contract.

## X.  CONCLUSION

WHEREFORE, Defendant McLaren Automotive, Inc., pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Sarasota County Circuit Court, Florida, to this Court.

Dated:  June 21, 2019.

Respectfully submitted,

*/s/ Melissa Fletcher Allaman*
Melissa Fletcher Allaman
Florida Bar No. 0229229
E-Mail: melissa.allaman@nelsonmullins.com
Trial Attorney
Nelson Mullins Broad & Cassel
215 S. Monroe St. / Suite 400
Tallahassee, FL  32301
Telephone:  850.907.2504
Facsimile:   850.907.2553

Attorney for Defendant McLaren Automotive, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 21, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM-ECF participants:

    Kevin Carey
    Emily Mallor
    Brent Wikgren
    Mohamed Somji
    Krohn & Moss, Ltd.
    10 N. Dearborn Street, 3rd Floor
    Chicago, IL 60602
    (312) 578-9428

    */s/ Melissa Fletcher Allaman*
    Melissa Fletcher Allaman
    Florida Bar No. 0229229
    Nelson Mullins Broad & Cassel
    215 S. Monroe St. / Suite 400
    Tallahassee, FL  32301
    Telephone:  850.907.2504
    Facsimile:   850.907.2553
    E-Mail: melissa.allaman@nelsonmullins.com

    Attorney for Defendant McLaren Automotive, Inc.